UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OWEN LEISER, and JESSICA LEISER, husband and wife,<br><br>                    Plaintiffs,<br>    v.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a subsidiary of USAA Casualty Insurance Company,<br><br>                  Defendant. | CASE NO. 20-cv-5446-RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

THIS MATTER comes before the Court on Plaintiff's Motion to Remand. Dkt. 10. The Court has considered the pleadings filed regarding the motion and the remaining file herein. For the reasons set forth below, the motion should be granted.

## I.    FACTS

**1. PRE-REMOVAL PROCEEDINGS IN KITSAP COUNTY SUPERIOR COURT**

This is an insurance bad-faith action against Defendant Garrison Property and Casualty Insurance Company (referred to by Plaintiff as "USAA") arising from Plaintiff's claim under a

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 1

homeowners insurance policy for damages apparently caused or contributed to by leakage from a bathroom pipe. Dkt. 1-1. On January 16, 2020, Plaintiff filed a complaint in this action in Kitsap County Superior Court. Dkt. 1-1. The complaint provides three claims: (1) Insurer's Failure to Act in Good Faith, (2) Violation of Washington's Consumer Protection Act, and (3) Violation of Washington's Insurance Fair Conduct Act. Dkt. 1-1.

The complaint indicates that Defendant's "own adjuster has evaluated [the estimated cost of claimed repairs] at $38,392.17." Dkt. 1-1, at 6. The prayer for relief section of the complaint does not explicate a total amount in controversy, but it requests "economic and noneconomic damages, diminution in value, and treble damages in an amount to be proven at trial." Dkt. 1-1, at 8. Defendant was served with the Summons and Complaint on January 17, 2020. Dkt. 10-1, at 1.

On April 14, 2020, Plaintiffs answered Defendant's first set of Requests for Admission ("RFA") as follows:

**REQUEST FOR ADMISSION NO. 25:**

Admit the damages YOU claim in YOUR COMPLAINT against Garrison in this action inclusive of any attorney's fees, economic damages, non-economic damages, statutory damages, or otherwise do not exceed $75,000.01?

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

DENIED. Although the entire amount claimed in the Leisers' COMPLAINT may exceed $75,000.01, it is impossible to determine prior to trial what a jury will award, or what amount of attorneys' fees will accrue as a result of trial preparation.

Dkt. 1-3, at 4.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 2

## 2. REMOVAL AND REMAND PROCEEDINGS IN FEDERAL COURT

On May 11, 2020, Defendant removed this action from Kitsap County Superior Court to federal court. Dkt. 1. The Civil Cover Sheet indicates diversity jurisdiction as the basis of jurisdiction. Dkt. 1-4.

On May 20, 2020, Plaintiff filed the instant Motion to Remand. Dkt. 10. Plaintiff argues that Defendant's removal of this action was untimely and was not filed within 30 days of receipt of the complaint, as required by 28 U.S.C. § 1446. Dkt. 10, at 3, *et seq*. Plaintiff indicates that Defendant filed its Notice of Removal 111 days after receiving the complaint. Dkt. 10, at 4. Additionally, Plaintiff argues that Defendant waived the right to remove this action to federal court because Defendant took actions in state court manifesting an intent to have the matter adjudicated there, that Defendant's removal wrongfully invades the independence of Washington, that Defendant has failed to establish diversity jurisdiction, and that Washington Courts have personal jurisdiction over Defendant.[1] Dkt. 10.

Defendant filed a response in opposition to the Motion to Remand. Dkt. 12. In relevant part, Defendant argues that the complaint did not provide grounds for removal because the amount in controversy was uncertain. Dkt. 12, at 6, *et seq*. Defendant contends that the amount in controversy was first established as grounds for removal by Plaintiff's answer to Defendant's RFA No. 25, which denied that the amount in controversy did not exceed $75,000.01. Dkt. 12, at 7–8. Defendant contends its Notice of Removal was timely because it was filed less than 30 days after receipt of Plaintiff's answer to RFA No. 25.

---

[1] This order does not discuss Plaintiff's additional arguments to remand.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 3

Defendant contends that the complaint indicates a claim amounting to $26,777.29. Dkt. 12, at 3 (citing Dkt. 1-1, at 5, ¶ 3.22). The parties dispute whether Defendant already issued a payment of $5,857.47. *Compare* Dkts. 12, at 3:22–25, *with* Dkt. 13, at 2, n.1. Defendant argues that the Complaint did not plead damages over $75,000 because, subtracting the $5,857.47 payment from $26,777.29 leaves a claim of only $20,909.82.

Plaintiff filed a reply in support of the instant motion. Dkt. 13. In relevant part, Plaintiff disputes Defendant's method of calculating damages but argues that, even assuming Defendant's method of calculation, the complaint still contained sufficient information to determine an amount of controversy exceeding $75,000.00. Dkt. 13, at 2–3. Plaintiff argues that if you apply a claim amount of $20,909.82 to the complaint's bad faith claim, up to $25,000 in treble damages under RCW 19.86.090 for the Consumer Protection Act claim ($20,909.82 + $25,000), and treble damages to the Insurance Fair Claims Act under RCW 48.30.015(2) ($20,909.82 + ($20,909.82 x 3)), the complaint would still provide a claim amount totaling $150,458.92. Dkt. 13, at 3.

## II.   DISCUSSION

### 1.   REMOVAL AND REMAND

The district courts of the United States have original jurisdiction where there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant has the burden of showing that it has complied with the procedural requirements for removal. *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260, 1264 (D. Or. 2001); *Schwartz v.*

*FHP Int'l Corp.*, 947 F.Supp. 1354, 1360 (D. Ariz. 1996). There is a strong presumption against federal jurisdiction. If there is any doubt as to the existence of federal jurisdiction, the court should remand the matter to state court. *Gas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Rodgers v. Central Locating Service, Ltd.*, 412 F. Supp.2d 1171, 1178 (W.D. Wash. 2006); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). Instead, the courts may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy, tested as of the time of removal. *Kroske v. U.S. BankCorp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

28. U.S.C. § 1446(b)(1) provides that:

> (1)   The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"Remand is required if a notice of removal is not filed within thirty days after the defendant receives a copy of the complaint." *Newtop v. Rhenquist*, C-94-4068-VRW, 1995 WL 23929, at *1 (N.D. Cal. Jan. 17, 1995). The Ninth Circuit "ha[s] made clear that [courts] will not charge defendants with notice of removability until [they have] received a paper that gives them enough information to remove." *Kenny v. Wal-Mart Stores, Inc.,* 881 F.3d 786, 790 (9th Cir. 2018) (citations and quotations omitted). "[T]he sum claimed by the plaintiff controls if the

claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938).

Here, Plaintiff's complaint gave sufficient notice of removability. Although the complaint does not explicate a total amount in controversy, the complaint alleges water damage that was estimated by Defendant at $38,392.17 (Dkt. 1-1, at 6:18–19) and requests treble damages (Dkt. 1-1, at 8:11–12). The parties suggest competing methods of calculating the amount in controversy, but perhaps the most straightforward, reasonable method of calculation is trebling $38,392.17 for a total of $115,176.51—well more than $75,000.00. The complaint thus gave Defendant notice of removability.

Defendant was served with the Summons and Complaint on January 17, 2020 (Dkt. 10-1, at 1), but Defendant's Notice of Removal was not filed until May 11, 2020. Dkt. 1. Defendant did not file its Notice of Removal within 30 days from receipt of the complaint and thus waived its right to remove.

Therefore, Plaintiff's Motion to Remand should be granted, and this case should be remanded to the Kitsap County Superior Court. The Court need not discuss Plaintiff's additional arguments to remand at this time.

### 2. PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

A court may reward reasonable attorney's fees and costs incurred by the party seeking remand. 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

The Court should decline to award attorney's fees. The complaint did not explicate a total amount in controversy, allowing for an objectively reasonable basis for removal.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Remand (Dkt. 10) is **GRANTED;**
- The Court declines to award attorney's fees and costs incurred by Plaintiff seeking remand; and
- This case is **REMANDED** to Kitsap County Superior Court in the State of Washington.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 23rd day of June, 2020.

ROBERT J. BRYAN
United States District Judge